ADAM THOMPSON *v.* THE STATE.

1. FILE-MARK. — No paper can be considered part of the record of a criminal case unless duly filed by the clerk of the court below.

1. SAME — CHARGE OF THE COURT. — A felony conviction must necessarily be set aside unless the transcript shows the file-mark of the clerk of the court below on the charge of the court to the jury. Without the file-mark, the case comes before this court as though no charge had been given.

8. JUDGES, PROSECUTING ATTORNEYS, AND CLERKS are earnestly invited to consult and conform to the "Rules of Court," and thereby avert the serious consequences illustrated in the present case.

APPEAL from the District Court of Dallas. Tried below before the Hon. N. M. BURFORD.

The appellant and one Wesley Pollard were jointly in-

dicted for the murder of Joseph Shoemaker, in Dallas County, on the night of July 1, 1876. At the October term, 1876, of the District Court, a severance was had, and the appellant was placed on his trial, convicted of murder in the first degree, and adjudged to suffer death.

The evidence adduced to inculpate the accused was circumstantial to a great extent, and his defense an *alibi*, making up a record of more than usual interest. But as the case stands for trial again, and as the evidence is nowise involved in the disposition made of the case by this court, it is not deemed proper to report now the testimony adduced at the trial.

*C. H. Clint*, for the appellant, filed an able and interesting argument.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. This is an appeal from a judgment of conviction for murder in the first degree, with the penalty assessed at death.

We have before us two transcripts of the record in the case, the second and last one having been sent up in obedience to a writ of *certiorari* awarded by the court for that purpose, upon motion of the assistant attorney-general, at its Austin term, 1877. There are some essential differences between the two transcripts, into the causes of which it is unnecessary — as it would perhaps be unprofitable — for us inquire. Both transcripts, taken together, do not make such a record as would warrant us in affirming the judgment in any felony, much less a capital case. In the first, quite a number of papers are indorsed as filed which are not so indorsed in the second. In neither does the charge of the court bear the file-marks of the clerk.

As has been frequently decided by this court, no paper can be properly or legitimately considered a part of the record in a criminal case unless duly filed by the clerk of the court, as required by law. Pasc. Dig., art. 2514. This is specially so with reference to the charge of the court in felonies. *Haynie* v. *The State*, 3 Texas Ct. App. 223; *Parchman* v. *The State*, 3 Texas Ct. App. 225.

If the charge in this case cannot properly be considered as a charge, because not filed, then it follows that, there being no charge of the court in the case, it must necessarily be reversed, since our statute expressly provides that the court shall deliver to the jury, in all felony cases, a written charge, in which he shall distinctly set forth the law applicable to the case. Pasc. Dig., art. 3059.

We again take occasion to call the attention of judges and attorneys for the State to the rules recently adopted by the Supreme Court, and governing in criminal cases in County and District Courts; and of clerks, to the mode and manner of preparing transcripts for appeal. 2 Texas Ct. App. 677–680.

For the reasons above stated, the judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*